## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

HUNGRY HOWIE'S PIZZA & SUBS, INC.,
a Michigan corporation,

        Plaintiff,

                                     Case No.

v.

                                     Hon.

GRUBHUB HOLDINGS INC.,
a Delaware corporation,

        Defendant.

_____/

## <u>COMPLAINT AND JURY DEMAND</u>

    Plaintiff, Hungry Howie's Pizza & Subs, Inc. ("Plaintiff" or "Hungry Howie's"), by and through its undersigned attorneys, for its Complaint against GrubHub Holdings Inc., formerly GrubHub, Inc., ("Defendant" or "GrubHub") (see name change document attached as **Exhibit A**) states as follows:

## <u>PARTIES</u>

1.    Plaintiff Hungry Howie's is a Michigan corporation with its principal place of business at 30300 Stephenson Highway, Suite 200, Madison Heights, Michigan 48071.   Hungry Howie's is a prominent, Michigan-based pizza chain franchisor, founded in 1973, now with over 500 stores located in 22 states around the country, famous for its "FLAVORED CRUST®" brand pizza.   Hungry Howie's goods and services include delivery of its food items, in all locations

around the country, without exception ("Hungry Howie's Goods and Services"). In connection with Hungry Howie's Goods and Services, Hungry Howie's owns an extensive collection of proprietary materials, including, by way of example, distinctive trademarks, copyrighted artwork, photographs, menus, apps, digital, print, television and related materials used to promote its goods and services, many of which are the subject of various registered trademarks and copyrights, including, among them, an extensive portfolio of registered trademarks for "Hungry Howie's," "Howie's" and other marks (the "Hungry Howie's Marks"), and the below iconic artwork which is the subject of Copyright Registration VA 1-833-740 dated August 9, 2012 ("Hungry Howie's Copyright Registration")(collectively, all the foregoing "Hungry Howie's Proprietary Materials"). See **Exhibit B** for a copy of the copyright registration certificate.



2. Hungry Howie's provides strict, limited licenses and permissions to its franchisees to use Hungry Howie's Proprietary Materials, all of which are subject to strict quality controls and limitations, including a general prohibition against entering into or granting sublicenses.

3. Hungry Howie's requires its franchisees to comply with strict quality requirements regarding food preparation, customer service, and food delivery, and

in 2018, issued a written prohibition to all franchisees against entering into service arrangements with third-party delivery providers, such as GrubHub.  See **Exhibit C** for a copy of the 2018 Memorandum to franchisees.

4.     Defendant GrubHub is a Delaware corporation with a place of business at 1065 Avenue of the Americas, New York, New York 10018 and its headquarters at 111 W. Washington Street, Suite 2100, Chicago, Illinois 60602. On information and belief, Defendant's involvement in the restaurant services market is limited to a third-party food delivery service delivering restaurant orders to other companies' customers ("Defendant's Services").  GrubHub does not provide food preparation or restaurant services.  GrubHub has recently been the subject of controversy in the news and is a defendant in a class action lawsuit with respect to its business practices.

## NATURE OF THE COMPLAINT

5.     This is a civil action for damages and injunctive relief under applicable federal authority arising out of the Defendant's willful acts of trademark and copyright infringement, unfair competition, misappropriation, unjust enrichment, and tortious interference with contractual relations as a result of Defendant deliberately and knowingly infringing Plaintiff's trademarks and copyrighted materials and interfering with Plaintiff's contractual business relations with its franchisees.

## JURISDICTION AND VENUE

6.     This is an action for trademark infringement under 15 U.S.C. § 1114, for unfair competition under 15 U.S.C. § 1125(a), copyright infringement under 17 U.S.C. § 301, for common law trademark infringement, unfair competition, misappropriation, unjust enrichment and tortious interference with contractual relations.

7.     This Court has jurisdiction over the subject matter of this action pursuant to 15 U.S.C. § 1121, 17 U.S.C. §301 and 28 U.S.C. §§ 1331, 1338(a) and (b).  Jurisdiction over the state law claims is also appropriate under 28 U.S.C. § 1367(a) and principles of pendent jurisdiction.

8.     Personal jurisdiction over Defendant and venue is proper in this judicial district because: (1) upon information and belief, Defendant does business in this judicial district and elsewhere in Michigan through, at least its interactive website at https://www.grubhub.com ("Defendant's Website") and its mobile application ("Defendant's Mobile Application") through which sales can be placed and on which Defendant uses the identical and confusingly similar marks and copyrighted material to that of Plaintiff's Hungry Howie's Proprietary Materials and (2) because a substantial part of the events or omissions giving rise to the claims in this case, including the tortious conduct about which Plaintiff complains,

occurred and has been committed by Defendant in this judicial district and elsewhere in Michigan.  8 U.S.C. §1391(b).

## FACTUAL BACKGROUND

9.    As a result of the quality of Hungry Howie's Goods and Services provided over nearly half a century under its Hungry Howie's Marks, Hungry Howie's has become an iconic presence in the pizza delivery market, the 11th largest pizza chain in the U.S., known for its goods and services sold under its famous "FLAVORED CRUST®" mark and its recognizable Howie's face design mark [  ] ("Howie's Face Design") both incorporated in its widely used mark:



10.    Hungry Howie's has been voted one of America's Top 25 Best Pizza Chains by consumers and is consistently recognized as one of the Top 500 Restaurant Chains by *Restaurant Business* (2016, 2017, 2018, 2019), one of the Top 200 Food & Restaurant Franchises by *Entrepreneur Media, Inc*. (2018) and was awarded Chain of the Year by *Pizza Today Magazine* (2004).  See **Exhibit D** for copies of a sampling of supportive articles about Hungry Howie's and Hungry Howie's Goods and Services.

11.    Over the years, Hungry Howie's has invested extensively in developing, promoting and providing Hungry Howie's Goods and Services under its brand of well-known marks. In connection with its substantial investment, Hungry Howie's owns numerous trademark registrations for its Hungry Howie's Marks, including, by way of example only, the following U.S. Registrations (hereafter "Hungry Howie's Registrations") Copies of the corresponding certificates of registration are attached as **Exhibit E**:

| Mark/Name | Registration No. | Registration Date | Full Goods/Services |
|---|---|---|---|
| HUNGRY HOWIE'S | 1478125 | February 23, 1988 | (Int'l Class: 42)<br>restaurant services |
| HUNGRY HOWIE'S (Stylized) | 2269143 | August 10, 1999 | (Int'l Class: 30)<br>foods, namely, pizza, sandwiches and breads<br>(Int'l Class: 42)<br>restaurant, carry-out services |
| HUNGRY HOWIE'S FLAVORED CRUST PIZZA and Design | 3916530 | February 8, 2011 | (Int'l Class: 30)<br>pizza, bread, sandwiches, sauces<br>(Int'l Class: 43)<br>restaurant services, carry out restaurant services, including pizza, chicken wings, subs, breads for consumption on or off premises |
| HUNGRY HOWIE'S PIZZA (Stylized) | 3306195 | October 9, 2007 | (Int'l Class: 43)<br>restaurant services |
| HUNGRY HOWIE'S PIZZA & SUBS and Design | 3847826 | September 14, 2010 | (Int'l Class: 43)<br>restaurant services, carry out restaurant services, featuring pizza, bread, sandwiches, salads and wings |
| Design Only | 3900799 | January 4, 2011 | (Int'l Class: 43)<br>restaurant services, carry out and delivery |

| Mark/Name | Registration No. | Registration Date | Full Goods/Services |
|---|---|---|---|
|  | | | restaurant services, including pizza, chicken wings, subs, breads for consumption on or off premises |
| 3 CHEESER HOWIE BREAD | 3421392 | May 6, 2008 | (Int'l Class: 30) bread, dipping sauce |
| FLAVORED CRUST ORIGINAL PIZZA HUNGRY HOWIE'S PIZZA & SUBS and Design  | 3844856 | September 7, 2010 | (Int'l Class: 30) foods, namely, pizza, sandwiches and breads (Int'l Class: 43) restaurant services, carry-out restaurant services, including pizza, chicken wings, subs, breads for consumption on or off premises |
| HOWIE BREAD | 3342857 | November 27, 2007 | (Int'l Class: 30) bread, dipping sauce |
| HOWIE BROWNIE | 4939746 | April 19, 2016 | (Int'l Class: 30) brownies |
| HOWIE NOWIE | 3966126 | May 24, 2011 | (Int'l Class: 43) restaurant services, carry out restaurant services, including pizza, chicken wings, subs, bread, for consumption on or off the premises |
| HOWIE REWARDS | 5244503 | July 18, 2017 | (Int'l Class: 09) downloadable software in the nature of a mobile application for use in the administration of a customer loyalty program providing discounts, loyalty points, and incentives for restaurant customers, online tracking that provides customers with access to information on membership points, tracking of purchases, providing games, puzzles, contests (Int'l Class: 35) administration of a customer loyalty program providing discounts, rewards, bonuses and incentives for restaurant customers; providing a website featuring information on customer loyalty program membership points; providing a website that enables users to access information about loyalty programs that provide benefits to repeat customers, membership points, tracking of purchases, discounts, bonuses and incentives; business management services, namely, customer relationship management and social media management |
| HOWIE ROLLS | 4697033 | March 3, 2015 | (Int'l Class: 30) |

| Mark/Name | Registration No. | Registration Date | Full Goods/Services |
|---|---|---|---|
| | | | baked pizza dough stuffed with fillings |
| HOWIE WINGS | 3384162 | February 19, 2008 | (Int'l Class: 29)<br>chicken wings |
| HOWIE MEAL | 3416968 | April 29, 2008 | (Int'l Class: 30)<br>pizza |

12. Hungry Howie's Trademark Registrations are valid, subsising and in full force and effect, most having been registered for many years, and deemed incontestable. Those registrations deemed incontestable constitute conclusive evidence of the validity of the marks, the registrations therefor, ownership of the marks and registrations and the exclusive right to use the marks throughout the United States in connection with the identified goods and services. The registrations of those not incontestable constitute *prima facie* evidence of the validity of the registered marks, the registrations therefor, the ownership thereof and the exclusive right to use the marks throughout the United States.

13. The Hungry Howie's Marks are used extensively in connection with the sale of Hungry Howie's Goods and Services and in various advertising and promotional media, including product packaging, menus, signage, television, radio, the internet, its mobile application and other media. Examples of such use can be viewed on Hungry Howie's website at the domain name www.hungryhowies.com ("Hungry Howie's Website") and its mobile application ("Hungry Howie's Mobile

Application").   Reproductions showing examples of use of the Hungry Howie's

Marks are shown below:

    a.  Hungry Howie's Website:







b. Hungry Howie's Mobile Application:



14.   As a result of the excellent quality of Hungry Howie's Goods and Services and the widespread promotion thereof under the Hungry Howie's Marks, Hungry Howie's Goods and Services have met with substantial commercial success and widespread consumer recognition.

15.   Hungry Howie's Website and Hungry Howie's Mobile Application, as well as its other advertising, are replete with copyrighted images and other copyrighted content, including text, graphics and photographs, all of which represent  extremely valuable, and exclusively owned assets of Plaintiff, and serve to promote and identify Hungry Howie's Goods and Services in a favorable and attractive manner, included in such content and prominently featured on both Hungry Howie's Website and Hungry Howie's Mobile Application is the artwork

which is the subject of Hungry Howie's Copyright Registration (all the foregoing collectively, "Hungry Howie's Copyright Material").

16.    Hungry Howie's is the owner of the exclusive rights to Hungry Howie's Copyright Material, including derivative works.

## **DEFENDANT'S WRONGFUL ACTS**

17.    Defendant has been the subject of a number of complaints in connection with its deceptive business activities.  For example, in 2018, Defendant was named defendant in a class action lawsuit alleging the company charged restaurants commissions for telephone calls made through Defendant's platform to Defendant's subscribing restaurants based on the length of the call and not whether a food order was actually placed.   These charges were made despite the subscribing restaurants being promised that Defendant would only be paid based on actual food orders generated for the restaurants using Defendant's services.  See **Exhibit F** for a copy of the complaint.   This is not the lone case of alleged fraudulent business practices by Defendant.  Defendant has also been subjected to adverse media publicity for its business practices.   One exemplary article cites complaints by small restaurant business owners claiming Defendant is listing their restaurant menus without the restaurant's permission causing customer confusion. Another illustrative account alleges that Defendant has been purchasing thousands of domain name registrations that resemble those of unrelated and unassociated

restaurants to mislead customers to believe they are ordering directly from the legitimate restaurant.  See **Exhibit G** for copies of relevant articles.

18.    Not only is Hungry Howie's a direct victim of some of Defendant's above-identified activities, including but not limited to the unauthorized copying of Hungry Howie's menu, or portions thereof, and acquiring domain name registrations as well as using URLs incorporating Hungry Howie's name and Hungry Howie's Marks,  but it also suffers a competitive disadvantage by Defendant delivering its goods, in addition to the delivery being unauthorized, as a result of Defendant's business agreement with Hungry Howie's number one competitor in the pizza business, namely, Pizza Hut.   Specifically, upon information and belief, Pizza Hut's parent company, Yum! Brands, is a significant shareholder in Defendant and Pizza Hut US' president, Artie Starrs, serves on Defendant's Board of Directors.  Further, upon information and belief, Defendant has entered into a contractual agreement with Yum! Brands to serve as Pizza Hut's official and **only** delivery partner.  (See the attached article and excerpt from Defendant's SEC Annual Report at **Exhibit H**.)   Thus, Defendant has an underlying and compelling interest to ensure the success of its official pizza delivery partner, Pizza Hut, to the detriment of, and over competitors, such as, Hungry Howie's.

19.    Hungry Howie's is not affiliated with Defendant or Defendant's Services, and has never granted Defendant authorization to deliver its food products.  To the contrary, Hungry Howie's has contacted Defendant numerous times to demand all use of Hungry Howie's Marks and Hungry Howie's Copyright Materials be terminated yet the infringement continues.  Further, Hungry Howie's has specifically advised Defendant of the prohibition against its franchisees from purporting to grant licenses to utilize Hungry Howie's Proprietary Materials, and of the contractual prohibition against franchisees contracting with third-party delivery service providers.

20.    Despite the fact that Hungry Howie's has never granted Defendant authorization to sell its food and is in no way affiliated with Defendant, Defendant advertises, and has advertised in the past, that it delivers food from Hungry Howie's and its restaurants.

21.    In a manner that creates an association between Defendant and Hungry Howie's, to boost Defendant's unauthorized sale of Hungry Howie's goods, Defendant uses logos and marks that are identical or essentially identical to certain of Hungry Howie's Marks on Defendant's Website and Defendant's Mobile Application.  See the below excerpts from Defendant's Website and Defendant's Mobile Application showing a sampling of Defendant's use of Hungry Howie's Marks.

14

a.  Defendant's Website:





b. Defendant's Mobile Application:



22.    By utilizing the Hungry Howie's Marks, and purporting to provide Hungry Howie's Goods and Services, Defendant creates the deceptive impression that its services are authorized by, or the same as, Hungry Howie's.  As a result, Hungry Howie's has lost the most important asset of all: its exclusive right, and obligation, to control the quality and reputation of Hungry Howie's Goods and Services, namely, its *brand*.  Thus, Hungry Howie's is experiencing uncontrollable harm to its excellent reputation due to the negative experiences of Defendant's customers, as documented by the below sampling of complaints, taken from Defendant's Website under "Reviews" and reproduced below:



★☆☆☆☆

Myself and my boyfriend have ordered from here many times to have it delivered to my job and no one said anything and today a lady who processed my payment told me they don't deliver here kinda odd and was <mark>very rude</mark> about it to

Reellan ordered:

Chicken Bacon Ranch Pizza +

**Nancy**
★ 1 review                                        Sep 24, 2019

★☆☆☆☆

I <mark>never got</mark> my food

Nancy ordered:

Howie Bread +          Build Your Own Pizza +

**Annette**
🏆 Top reviewer                                   Apr 18, 2019

★★★★☆

Enjoy it very much. Food is good & arrived hot & on time.

Annette ordered:

Build Your Own Pizza +          3-Cheeser Howie Bread +

**Colter**
★ 1 review                                        Apr 18, 2019

★☆☆☆☆

I <mark>never received</mark> my order.

Colter ordered:

Build Your Own Pizza +

**Jacob**
★ 1 review                                        Mar 02, 2019

★☆☆☆☆

<mark>Never received</mark> my food

Jacob ordered:

Chicken Howie Roll +     Steak Howie Roll +     2 Liter Soda +     Deep Dish Cheese Bread +

**Riley**
★ 1 review                                        Feb 20, 2019

★★★★★

18



23.     Defendant has clearly copied Hungry Howie's Copyright Materials, including in particular, the copyrighted artwork of Hungry Howie's Copyright Registration.   The resulting artwork on Defendant's materials is identical, or strikingly similar to, Hungry Howie's copyrighted artwork.   Further, Defendant has cloned, reproduced, displayed and/or distributed portions of Hungry Howie's Copyright Materials without Hungry Howie's consent or authorization on at least Defendant's Website and Defendant's Mobile Application.

24.     The below screenshots of Defendant's Website and Defendant's Mobile Application demonstrate Defendant's unauthorized copying of Hungry Howie's Copyright Material and the look and feel of Hungry Howie's Website and Hungry Howie's Mobile Application.  In fact, Defendant has essentially copied Hungry Howie's entire menu.  For example, in addition to including Defendant's version of Hungry Howie's Copyright Registration, Defendant's Website uses the identical yellow and red colors as Hungry Howie's and directly copies identical photographic images, or portions thereof. Similarly, Defendant's Mobile Application copies certain of Hungry Howie's Copyright Material.  See below for excerpts from Defendant's Website and Defendant's Mobile Application of a sampling of Defendant's similar and/or identical use of Hungry Howie's Copyright Material.

a.  Defendant's Website:





b. Defendant's mobile application:



25.    Defendant's confusingly similar and/or identical use of Hungry Howie's Copyright Material infringes upon Hungry Howie's exclusive rights in Hungry Howie's Copyright Material, has deprived Hungry Howie's of sales of Hungry Howie's Goods and Services and has in other respects caused irreparable harm to Hungry Howie's, and will continue to cause Hungry Howie's injury and loss of profits unless Defendant's infringement is enjoined by this Court.

26.    Defendant also acquired several domain name registrations  and uses many URLs incorporating Plaintiff's "Hungry Howie's" name and marks e to direct business to Defendant and away from Plaintiff.  Plaintiff acknowledges that after bringing the infringing domain name registrations to Defendant's attention, Defendant has transferred ownership of several domain name registrations to Hungry Howie's.  However, Defendant's infringement continues with respect to the URLs.   See, for example, <grubhub.com/food/hungry_howies_pizza>, the resulting website for which is shown below, and <grubhub.com/restaurant/hungry-howies-1874-whitaker-rd-ypsilanti/282728>, among others (collectively, the "Infringing URLs").



27.     Defendant's unauthorized use of Hungry Howie's Proprietary Materials for the identical services of Hungry Howie's has caused and will continue to cause mistake or deception as to the source or origin of Defendant's Services and is likely to falsely suggest a relationship, connection, license, endorsement or other association of Defendant's Services with Plaintiff's, to the detriment of Hungry Howie's and the consuming public.   For example, customers searching for Hungry Howie's Goods and Services online are likely to be mistakenly directed to Defendant, as shown by the below screenshot showing an example from a Google search for the search string "hungry howie's delivery":

Hungry Howie's Delivery - 6133 Fry Rd Katy | Order Online ...

https://www.grubhub.com › Restaurants › Katy ▾

★★★☆☆ Rating: 3.5 - 5 votes - Price range: $$

**Hungry Howie's Delivery** - 6133 Fry Rd Katy | Order Online With Grubhub.

28.    Defendant's use of Hungry Howie's Proprietary Materials falsely implies a relationship between Defendant and Hungry Howie's and constitutes unfair competition by falsely implying that Defendant is authorized to deliver Hungry Howie's goods to Defendant's customers and that the quality and services are the same as that offered by Hungry Howie's.

29.    Upon information and belief, Defendant is aware of and has experience with contractual rights and their limitations related to intellectual property through its above-mentioned business dealings with Pizza Hut's owner Yum! Brands.  Yet, despite Hungry Howie's expressly advising Defendant of its franchisees' prohibitions with respect to use of Hungry Howie's intellectual property under their contractual agreements, Defendant refuses to acknowledge such rights.  Hungry Howie's has contacted Defendant on numerous occasions requesting it refrain from using Hungry Howie's intellectual property in all manner and form.  Thus far, Defendant has either ignored Hungry Howie's demands or blatantly disregarded its demands despite Hungry Howie's advising Defendant and putting Defendant on notice that Hungry Howie's does not authorize Defendant to use its intellectual property or sell its goods.  Furthermore, Hungry Howie's has advised Defendant several times that Hungry Howie's franchisees are prohibited from licensing the use of Hungry Howie's intellectual property and prohibited from entering into business relations with third-party delivery services such as

Defendant.   Nevertheless, Defendant continues its unauthorized use of Hungry

Howie's intellectual property and delivery of Hungry Howie's goods.  .

   30.   Defendant's   blatant   disregard   for   Hungry   Howie's   contractual

business relations with its own franchisees is causing irreparable harm to Hungry

Howie's by causing loss of profits and damage to its goodwill and reputation.

   31.   Hungry   Howie's   attempts   to   resolve   this   dispute   have   been   to   no

avail.

## COUNT I
## Federal Trademark Infringement
## 15 U.S.C. § 1114 and 1125(a)

   32.   Hungry   Howie's   incorporates   by   reference   all   allegations   of

Paragraphs 1-31 as if fully set forth herein.

   33.   The unauthorized appropriation and use by Defendant in commerce of

Hungry Howie's Marks, in connection with its unauthorized provision of  services

deceptively held-out as genuine, but which are <u>not</u> in fact provided by Hungry

Howie's , and in many cases have resulted in orders lost, not delivered, changed,

allowed to become cold, etc., is likely to cause confusion, mistake or deception as

to the origin, sponsorship, or approval of Hungry Howie's goods and commercial

activities, and thus infringes Hungry Howie's rights in its federally registered

marks under 15 U.S.C. § 1114. Defendant's actions have been carried out in willful

disregard of Hungry Howie's rights in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114.

34.      Because Defendant's wrongful acts have and will continue to irreparably injure Hungry Howie's, Hungry Howie's Marks and the reputation and goodwill associated therewith. Hungry Howie's will continue to be irreparably harmed unless Defendant is restrained from further infringement of Hungry Howie's Marks under Section 34(a) of the Lanham Act, 15 U.S.C. § 1116(a).

35.      Because Defendant's actions, on information and belief, were carried out intentionally, willfully and/or deliberately in violation of Hungry Howie's rights, Hungry Howie's is entitled to an award of treble damages under Section 35(a) of the Lanham Act, 15 U.S.C. § 1117(a).

36.      As a direct and proximate result of Defendant's action, this is an exceptional case, and thus Hungry Howie's is entitled to an award of attorney's fees and costs under Section 35(a) of the Lanham Act, 15 U.S.C. § 1117(a).

**COUNT II**
**Federal Unfair Competition**
**15 U.S.C. § 1125(a)**

37.      Hungry Howie's incorporates by reference all allegations of Paragraphs 1-36 as if fully set forth herein.

38.      The unauthorized use by Defendant of the Hungry Howie's Marks for food delivery services is likely to cause the public to mistakenly believe that such

services and related goods originate from, are endorsed by or are in some way affiliated with Hungry Howie's and thus constitutes trademark infringement, false designation of origin, passing off, and unfair competition and is likely to cause Hungry Howie's Marks to lose their significance as indicators of origin. Defendant's actions are in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

39.    On information and belief, the unauthorized appropriation of the Infringing Marks by Defendant as set forth above is a part of a deliberate plan to trade on the valuable goodwill established by Hungry Howie's Marks. The actions of Defendant have been carried out in willful disregard of Hungry Howie's rights in violation of 15 U.S.C. § 1125(a).

40.    By reason of Defendant's actions, Hungry Howie's has suffered and will continue to suffer irreparable harm to the Hungry Howie's Marks, unless Defendant is restrained from further infringement of the Hungry Howie's Marks under Section 34(a) of the Lanham Act, 15 U.S.C. § 1116(a).

41.    Defendant has been advised of the violations of Hungry Howie's rights. Because Defendant's actions, on information and belief, were carried out intentionally, willfully and/or deliberately in violation of Hungry Howie's rights, Hungry Howie's is entitled to an award of treble damages under Section 35(a) of the Lanham Act, 15 U.S.C. § 1117(a).

42.    As a direct and proximate result of Defendant's actions, on information and belief, this is an exceptional case, and thus entitled to an award of attorney's fees and costs under Section 35(a) of the Lanham Act, 15 U.S.C. § 1117(a).

### COUNT III
### Federal Copyright Infringement
### 17 U.S.C. §501

43.    Hungry Howie's incorporates by reference all allegations of Paragraphs 1- 42 as if fully set forth herein.

44.    Hungry Howie's is the owner of unique and distinctive works, including Hungry Howie's Copyright Material and the artwork which is the subject of Hungry Howie's Copyright Registration, containing original material that is copyrightable subject matter protected under the Copyright Laws of the United States.

45.    Defendant has intentionally cloned, reproduced, distributed copies of, prepared derivative works, and/or promoted illegal and unauthorized copies of Hungry Howie's Copyright Material, including Hungry Howie's Copyright Registration, and the unauthorized display of cloned and/or derivative work based upon Hungry Howie's Copyright Material is in violation of Hungry Howie's exclusive rights in its copyright pursuant to 17 U.S.C. § 501(a).

46. By reason of Defendant's actions, Defendant has directly, contributorily and/or actively induced infringement of Hungry Howie's Copyright Material, including that protected under Hungry Howie's Copyright Registration, and will continue to do so in this District and elsewhere throughout the United States to the irreparable damage of Hungry Howie's unless enjoined by this Court pursuant to 17 U.S.C. § 502.

47. Because Defendant's actions, upon information and belief, were carried out intentionally, willfully and/or deliberately in violation of Hungry Howie's proprietary and exclusive rights in its copyright, Hungry Howie's is entitled to increased statutory damages of $150,000 per infringing act pursuant to 17 U.S.C. § 504(C)(2).

48. As a direct and proximate result of Defendant's actions, this is an exceptional case, and thus Hungry Howie's is entitled to an award of attorney's fees and costs under 17 U.S.C. § 505.

## COUNT IV
### Common Law Unfair Competition, Misappropriation And Trademark Infringement

49. Hungry Howie's incorporates by reference all allegations of Paragraphs 1-48 as if fully set forth herein.

50.     Defendant has used the Infringing Marks in a manner that is likely to cause confusion, to cause mistake or to deceive, as to the origin, sponsorship, or approval of Defendant's services and commercial activities.

51.     By its aforesaid conduct calculated to increase business and profits by deceiving and confusing members of the public, Defendant continues to misappropriate the valuable goodwill of Hungry Howie's Marks, to infringe Hungry Howie's rights therein, and to unfairly compete with Hungry Howie's under the laws of Michigan.

52.     Hungry Howie's has suffered and will continue to suffer actual damages unless Defendant's conduct is enjoined.

53.     Because Defendant's actions, on information and belief, were carried out intentionally, willfully and/or deliberately in violation of Hungry Howie's rights, an award of exemplary and/or punitive damages is justified.

## COUNT V
**Unjust Enrichment**

54.     Hungry Howie's incorporates by reference all allegations of Paragraphs 1-53 as if fully set forth herein.

55.     Defendant is being unjustly enriched to the damage and irreparable harm of Hungry Howie's.

## COUNT VI
## Tortious Interference with Contractual Relations

56.     Hungry Howie's incorporates by reference all allegations of Paragraphs 1-55 as if fully set forth herein.

57.     Hungry Howie's has a contractual business relationship with its franchisees that prohibits the franchisees from purporting to license its intellectual property, and from entering into relationships with third-party delivery services and authorizing the use and/or license of Hungry Howie's intellectual property.

58.     Defendant is aware of Hungry Howie's contractual relationship with its franchisees.

59.     Despite being aware of Hungry Howie's contractual obligations with its franchisees, Defendant has deliberately and improperly interfered and continues to interfere with such obligations by directly engaging with Hungry Howie's franchisees to sell Hungry Howie's Goods and Services and use Hungry Howie's Proprietary Materials in direct violation of the terms of Hungry Howie's contractual relations with its franchisees.

60.     The conduct of Defendant has caused Hungry Howie's franchisees to breach their contractual terms with Hungry Howie's resulting in loss of profits and damage to Hungry Howie's reputation.

61.     Hungry Howie's has been damaged by the wrongful conduct of Defendant and will continue to be damaged unless such wrongful conduct is enjoined by this Court and monetary relief is granted.

## PRAYER FOR RELIEF

WHEREFORE, Hungry Howie's prays for entry of judgment from this Court that:

a.      Hungry Howie's is the owner of the entire right, title and interest in and to the Hungry Howie's Marks;

b.      Hungry Howie's Marks are valid, enforceable and violated by Defendant and that Defendant has violated and is violating other relevant federal and state laws and regulations;

c.      Defendant, its agents, servants, employees, attorneys and all persons in active concert or participation with it, be preliminarily and permanently enjoined and restrained from (1) using Hungry Howie's Marks, any designations incorporating the terms, "HUNGRY HOWIE," "HOWIE" or Hungry Howie's Howie Face Design [  ] or any variations thereof; and (2) otherwise infringing Hungry Howie's Marks and competing unfairly with Hungry Howie's, pursuant to 15 U.S.C. § 1116(a);

d.     Defendant willfully infringed Hungry Howie's trademark rights, thereby entitling Hungry Howie's to an aware of treble damages under Section 35(a) of the Lanham Act, 15 U.S.C. § 1117(a);

e.     An Order be issued directing Defendant to take down and stop all use of the Infringing URLs and transfer any existing infringing domain name registrations to Plaintiff;

f.     An Order be issued directing Defendant to file with this Court and serve a copy on Hungry Howie's attorneys, within thirty (30) days after the date of entry of any injunction, a report in writing and under oath setting forth in detail the manner in which Defendant has complied with the injunction;

g.     The Lanham Act violation by Defendant has been such as to render this action exceptional, and Hungry Howie's be awarded reasonable attorney's fees and costs, pursuant to 15 U.S.C. § 1117(a);

h.     Defendant be held to have infringed Hungry Howie's copyright and an increased award of statutory damages for willful infringement pursuant to 17 U.S.C. § 504;

i.     Defendant be required to pay Hungry Howie's costs of this action along with attorney's fees as permitted under 17 U.S.C. § 505;

j.      Defendant required to pay to Hungry Howie's actual damages plus reasonable attorney's fees under the laws of Michigan pursuant to M.C.L.A. § 445.911;

k.      A determination that Defendant has engaged in unjust enrichment;

l.      Defendant be required to reimburse and compensate Hungry Howie's for Defendant's interference with Hungry Howie's contractual relations;

m.      An award of permanent injunctive relief against Defendant to prevent future interference with Hungry Howie's contractual relationships with its franchisees;

n.      Defendant be required to pay Hungry Howie's such damages, statutory or otherwise, together with prejudgment interest thereon, that Hungry Howie's has sustained as a consequence of Defendant's wrongful acts, and to account for and return to Hungry Howie's monies, profits and advantages wrongfully gained by Defendant;

o.      All damages sustained by Hungry Howie's be trebled;

p.      Defendant be required to pay to Hungry Howie's punitive and exemplary damages;

q.      Defendant be required to pay to Hungry Howie's all attorney's fees, expenses and costs incurred in this action; and

r.    Hungry Howie's be awarded such other and further relief as this Court

may deem to be just and proper.

## JURY DEMAND

Plaintiff hereby requests a trial by jury on all claims and issues so triable.

Respectfully submitted,

FISHMAN STEWART PLLC

Dated:  March 6, 2020          By: /Michael B. Stewart/
                               Michael B. Stewart (P45318)
                               Julie A. Greenberg (P38229)
                               Linda Monge Callaghan (P63395)
                               *Attorneys for Plaintiff*
                               800 Tower Drive, Ste.610
                               Troy, Michigan 48098
                               Tel: (248) 594-0600
                               Fax: (248) 594-0610
                               mstewart@fishstewip.com
                               jgreenberg@fishstewip.com
                               lcallaghan@fishstewip.com

## CERTIFICATE OF SERVICE

I certify that on March 6, 2020, I electronically filed the forgoing paper with

the Clerk of the Court using the ECF system which will send notification of such

filing to all counsel of record on the ECF Service List.

By: /Marilyn Feather/
          Marilyn Feather